IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AKZO NOBEL SURFACE CHEMISTRY LLC, | : : : | |
| Plaintiff, | : : | |
| | : | Case No. 2:13-CV-00826 |
| v. | : : | |
| ALAN J. STERN, et al., | : : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Deavers |
| Defendants. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 21). In their Motion, Defendants move for judgment on the pleadings on Count I of Plaintiff's Complaint and further request dismissal of Plaintiff's case, in its entirety, for lack of subject matter jurisdiction. (*Id*. at 1). For the reasons set forth herein, Defendants' Motion is **GRANTED**.

**II. BACKGROUND**

As required by Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), the Court accepts the factual allegations set forth in Plaintiff's Complaint as true. Plaintiff, Akzo Nobel Surface Chemistry LLC ("Akzo" or "Plaintiff"), produces, markets, and distributes specialty chemicals and formulations that are used in the agricultural industry. Among those specialty chemicals are adjuvants, which are additives that modify the properties of the main ingredient in formulations. Defendant Alan J. Stern ("Stern") is a former employee of Plaintiff. Stern's current employer, Defendant Huntsman Petrochemical LLC ("Huntsman") (collectively, "Defendants"), formulates specialty chemicals, including adjuvants, used in the agricultural industry. Huntsman is a direct

competitor of Akzo to supply chemicals and formulations, including adjuvants, to companies in the agricultural industry.

From 1998 to 2003, Stern worked for Akzo as a research chemist. As an employee, Stern had access to confidential information and trade secrets developed by Akzo, including information related to agricultural adjuvants. Around July 2002, Akzo and Stern signed a document titled "Akzo Nobel Surface Chemistry LLC Employee's Patent & Trade Secret Agreement" ("Agreement"). Although a copy of the Agreement was not provided to this Court, it is undisputed by the parties that it contained sections titled "DISCOVERY, INVENTIONS AND IMPROVEMENTS BY EMPLOYEE" and "MAINTENANCE OF TRADE SECRETS AND CONFIDENTIAL INFORMATION." Per the excerpts provided, these sections of the Agreement state that any "inventions, ideas or improvements" made by the employee are the sole property of Akzo and that the employee agrees to not divulge confidential information pertaining to his or her employment, during or after employment.

In December 2002, Stern submitted his resignation to Akzo, effective January 2003, to accept a position with Huntsman. Upon announcing his resignation, Stern underwent an exit interview where he signed an exit interview acknowledgement form which reiterated his responsibility to protect Akzo's confidential information. Subsequently, Akzo sent a letter to Stern reminding him of his confidentiality obligations and also sent a letter to Huntsman that Stern had recognized a duty not to use or disclose Akzo's confidential information or trade secrets.

Nearly six years later in December 2008, Huntsman filed a U.S. Patent Application, published in November 2010, for a "Method of Preparing Amidoamine Alkoxylates and Compositions Thereof" ("Pending Huntsman Patent"). Akzo claims that the subject matter

described in the Pending Huntsman Patent infringes upon the specific adjuvants formulations that Stern developed and/or learned of while employed with Azko. Subsequently, Azko filed suit claiming, among other causes of action, violations of § 43(a)(1)(B)[1] of the Lanham Act and the Ohio Deceptive Trade Practices Act.[2]

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *Ziegler v. IBP Hog Mkt.,* 249 F.3d 509, 511–12 (6th Cir. 2001). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus,* 404 F.3d 950, 958–59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp., Inc.,* 123 F.3d 394, 400 (6th Cir. 1997). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim

---

[1] Plaintiff's Complaint alleged violations of Section 43(a)(1)(A) but later amended its Complaint in its Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, stating that it incorrectly cited Section 43(a)(1)(A) of the Lanham Act when in fact it meant to cite Section 43 (a)(1)(B). (Doc. 24 at 4). The Court will assume Plaintiff's meant Section 43 (a)(1)(B).

[2] Plaintiff's Complaint contained four other causes of action which are presently not before this court: Breach of Contract by Mr. Stern ("Count II"), Misappropriation of Trade Secrets by Mr. Stern and Huntsman ("Count III"), Misappropriation of Confidential Information Against Mr. Stern and Huntsman ("Count IV"), and Unjust Enrichment Against Huntsman ("Count V").

is, and the grounds upon which it rests.'" *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 544, 127 S.Ct. at 1964. A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal,* 129 S.Ct. at 1950 (citing *Twombly,* 550 U.S at 556). A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.,* 395 F.Supp.2d 644, 649 (S.D. Ohio 2004).

## IV. ANALYSIS

Defendants move for judgment on the pleadings as to Count I of Plaintiff's Complaint. In Count I, Akzo alleges that, during Stern's employment he was privy to trade secrets and confidential information. Thus, Defendants' filing of the Pending Huntsman Patent was a misappropriation and misrepresentation of Plaintiff's trade secrets and confidential information that Stern knew. (Doc. 1 at 11). Specifically, Plaintiff argues that Defendants' filing of the Pending Huntsman Patent constitutes false and misleading statements as to the creation and ownership of intellectual property. Plaintiff further alleges that this materially affects commerce by influencing decisions of customers purchasing adjuvants and is, therefore, a violation of § 43(a)(1)(B) of the Lanham Act. Additionally, Plaintiff asserts that Defendants' actions constitute deceptive trade practices under the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01 – 4165.04. (Doc. 1 at 11-12).

Section 43(a)(1)(B) of the Lanham Act, in relevant part, provides:

> (a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which…
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities
>
> shall be liable in civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

### A.  'In Commercial Advertising or Promotion' Under § 43(a)(1)(B)

In their briefing, Defendants argue that Plaintiff's Complaint does not indicate how Defendants made statements in commercial advertising or promotion as required by § 43(a)(1)(B).  The parties agree that alleged misrepresentations must meet the four-prong test adopted by most circuits.  The misrepresentations must be:

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services.  While the representations need not be made in a "classical advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*LidoChem, Inc. v. Stoller Enters.,* 500 Fed. Appx. 373, 2012 U.S. App. LEXIS 19266, at *15 (6th Cir. Sept. 12, 2012) (citing *Seven-Up Co. v. Coca-Cola Co.,* 86 F.3d 1379, 1383 (5th Cir. 1996)).  Defendants assert that the filing of a patent application does not constitute "commercial advertising or promotion" pursuant to the language in the statute and does not meet the requirements of the four-prong test.  Defendants insist that it is unreasonable for Akzo to argue

5

that a patent application is anything more than a description and explanation of a new process. (Doc. 31 at 5-7). Defendants claim that filing a patent application does not constitute promotion or advertisement of goods. Plaintiff, however, alleges that, after seeing the Pending Huntsman Patent, a potential customer inquired about Akzo's ownership of the adjuvants. According to Plaintiff, such an inquiry provides a reasonable inference that Defendants effectively stated to the relevant purchasing public, through their patent application, that Defendants owned the technology. (Doc. 24 at 11).

In *Semco, Inc. v. Amcast, Inc.*, the Sixth Circuit held that descriptions and explanations of a new process are not considered to be commercial advertising or promotion. 52 F.3d 108, 113 (6th Cir. 1995) (stating that a "detailed description and explanation of a new process" without advertising, is not commercial speech). Here, Defendants filed a patent application, which included descriptions and explanations of a new process that Defendants wanted to protect. There is no claim that advertising language was included in this application. Plaintiff's Complaint neglects to demonstrate that the filing of a patent application equates to commercial advertising or promotion. Thus, Defendants' filing of the Pending Huntsman Patent is not the same as commercially advertising and promoting a good or service to customers.

### B. Misrepresentation of the Nature, Characteristics and Quality of Goods or Services

Defendants argue that claims related solely to the creation and ownership of intellectual property are not actionable under the Lanham Act. In addressing Count I of Plaintiff's Complaint, Defendants insist that Plaintiff cannot bring a claim under § 43(a)(1)(B) of the Lanham Act because Akzo does not allege that Defendants misrepresented the nature, characteristics, or qualities of goods. According to Defendants, Plaintiff's Complaint rests on the argument that, by filing the Pending Huntsman Patent, Defendants claimed *ownership* of the

6

adjuvants.  This argument, Defendants contend, does not go to the nature, characteristics, or qualities of the adjuvants, which is required to bring an action under the Lanham Act.

In support of this argument, Defendants rely on *Dastar Corp. v. Twentieth Century Fox Film Corp.* wherein the United States Supreme Court held that liability does not attach for merely claiming ownership to a work.  539 U.S. 23, 38 (2003) ("[f]or merely saying it is the producer of the video … no Lanham Act liability attaches.").  Defendants also cite to the Sixth Circuit's decision in *Romero v. Buhimschi*, in which the Sixth Circuit found that § 43(a)(1)(B) does not refer to "authorship designation."  396 Fed. Appx. 224, 232 (6th Cir. 2010).  Relying on *Dastar*, the Sixth Circuit reasoned that some false authorship claims could be vindicated under § 43(a)(1)(B)'s prohibition on false advertising.  The Lanham Act claim, however, "fails in as much as it alleges that [Defendants] failed to credit [Plaintiff's] work in the manuscript."  *Id*. at 232-33.  The *Romero* Court also relied on *Baden Sports, Inc. v. Molten USA, Inc*.  In *Baden Sports*, the Federal Circuit held, "[the] 'nature, characteristics, and qualities' under § 43(a)(1)(B) refers to the characteristics of the good itself, not to ownership, and read[ing] the Lanham Act otherwise would put it in conflict with patent and copyright law."  556 F.3d 1300, 1307 (Fed. Cir. 2009).  Therefore, Defendants assert that Plaintiff's claims are improper because the claims only concern the ownership of the adjuvants, not their nature, characteristics or qualities.

Plaintiff argues that, by filing a patent application, Defendants made a misrepresentation about whether Plaintiff has the legal right to utilize Plaintiff's own intellectual property.  This, Plaintiff asserts, implicates the "nature, characteristics, or qualities" of the goods within the meaning of § 43(a)(1)(B).  (Doc. 28 at 3).  This argument is unpersuasive in light of *Dastar* and *Romero*.  The very purpose of filing a patent is to claim ownership of intellectual property.  To claim that information contained in a patent application equates to misrepresentation of the

7

details underlying the goods or service is, at best, a stretch.  The Supreme Court stated that these claims are better suited under copyright or patent law, and to "hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do." *Dastar,* 539 U.S. at 37.  Thus, Plaintiff has failed to allege properly violations under § 43 (a)(1)(B) of the Lanham Act.

## V. CONCLUSION

For the above reasons, this Court finds that there has not been a violation of Plaintiff's Fifth Amendment rights.  Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. 21) is **GRANTED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: December 8, 2014**